## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTIE MAGIN : 
70 Lee Ave. : 
Deptford, NJ 08096 :  CIVIL ACTION
 : 
       Plaintiff, :  DOCKET NO.:_____
   v. : 
 : 
TRINITY HEALTH MID-ATLANTIC : 
d/b/a ST. MARY'S MEDICAL CENTER :  **JURY TRIAL DEMANDED**
1201 Langhorne-Newtown Road : 
Langhorne, PA, 19047 : 
 : 
       Defendant. : 
 :

## CIVIL ACTION COMPLAINT

Christie Magin (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     This action has been initiated by Plaintiff against Trinity Health Mid-Atlantic d/b/a St. Mary's Medical Center (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1]

2.     Plaintiff asserts, *inter alia*, that she was discriminated against, not reasonably accommodated, unlawfully terminated by Defendant, and that Defendant unlawfully failed to hire. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter. Plaintiff's PHRA claims will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where they are subjected to personal jurisdiction, rendering Defendant resident of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant is a medical facility in Bucks County, Pennsylvania located at the above-captioned address providing medical, hospital, emergency, surgical and general health-care services.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff worked for Defendant from June of 2005 through October of 2011 and was rehired in June of 2018.

12.     At all times relevant herein, Plaintiff was employed with Defendant as a part-time cat scan technician.

13.     Plaintiff has and continues to suffer from serious health conditions, including but not limited to carpal tunnel syndrome.

14.     As a result of her aforesaid health conditions, Plaintiff (at times) is limited in her ability to perform some daily life activities, including pushing, pulling, gripping, and repeating manual tasks using her hands for extended periods of time.

15.     Despite these health conditions, Plaintiff was still able to perform the essential functions of her job, but she did require reasonable accommodations (at times), which included occasional and various times to undergo and recover from different surgeries.

16.     For example, in or about the end of June, 2019, Plaintiff took an approximate 3.5-month long medical leave of absence to undergo and recovery from surgery.

3

17.     On or about June 26, 2020 (approximately one year after initiating Plaintiff's first medical leave), Plaintiff then commenced another medical leave of absence to undergo another surgery for a separate condition related to Plaintiff's right hand. Plaintiff returned to work from this approximate six-week medical leave on or about August 8, 2020, and at that time, was never told that accommodating Plaintiff's health condition with the aforesaid two (2) medical leaves was an undue hardship on Plaintiff's department.

18.     In or about October of 2020, Plaintiff requested another six-week medical leave of absence to undergo and recover from surgery for the same condition that Plaintiff's June 2020 medical leave was taken, but on Plaintiff's left hand.

19.     However this time, Plaintiff's request for an accommodation was denied allegedly due to "staffing," despite staffing being the same if not better at the time than it was when Plaintiff took medical leave in June of 2020.

20.     Specifically, Plaintiff's supervisor Susan Hall (*hereinafter* "Hall") submitted an email to Human Resources giving her alleged reasons why Plaintiff's leave of absence should not be accommodated: including (1) the department was presently covering FT Long Term Disability Leave, which upon information and belief, was kept open for over a year; (2) there were "3 PRN resignations that have squeezed our resources for coverage as well" (which was not true); (3) Plaintiff's most recent June 2020 leave allegedly "incurred some OT to cover the open shifts" which was not "a desired position" for the department; and (4) a "number of colleagues have placed PTO requests months ago for time off in the next couple of months. There is also the impact of Holiday shift coverage; techs working the upcoming Holidays have asked for time off before/after the Holiday shift that they are working."

21.     Thereafter, Plaintiff received a written notification that her request for leave had been denied. However, in this denial letter, it stated that Plaintiff requested "6+" weeks medical leave, which is not true as Plaintiff had only requested six (6) weeks.

22.     Indeed, the reasons Defendant provided for denying Plaintiff's request were that the accommodation would: (1) create an undue hardship; (2) require a removal of the essential functions of Plaintiff's job; and (3) require lowering of performance or production standard.

23.     Additionally, the fourth reason given for Defendant's denial of Plaintiff's request was that Plaintiff had already been accommodated for two leaves in the last 12 months.

24.     Further, as a result of Defendant's decision to deny Plaintiff's request for a reasonable accommodation, Plaintiff's position would not be held if she took medical leave.

25.     Regardless, Defendant's reasons for denying Plaintiff's request for an accommodation are completely absurd as (1) Defendant failed to even indicate how Plaintiff's accommodation request would create an undue hardship;  (2) the request would not have removed any essential function of Plaintiff's job or lowered Plaintiff's performance/production, and in fact, the accommodation would have helped Plaintiff perform the essential functions of her job and improved her performance/production; and (3) Plaintiff was not provided with two (2) medical leaves within the 12 months preceding the anticipated start date of her third medical leave (in November of 2020).

26.     After being denied Plaintiff's request for a reasonable accommodation, Plaintiff then submitted a doctor's note to Defendant's management, including Hall and Defendant's HR manager, Karlyn Sibel (*hereinafter* "Sibel"), indicating that Plaintiff's procedure was necessary (not elective) and delaying the surgery could have "profound effects on [her] ability to care for [herself] and perform duties at work using [her] hands."

27.     Additionally, Plaintiff indicated in an email while submitting the aforementioned letter that Plaintiff did not agree with Defendant's decision to deny her accommodation and she would like them to reconsider in light of her recent doctor's note.

28.     Sibel responded back to Plaintiff's email, stating that it did not matter whether Plaintiff agreed with Defendant's decision or not, it was final.

29.     Sibel further advised Plaintiff in a separate email that she was not being terminated and that Plaintiff should apply for short term disability.

30.     Despite Defendant's denial and refusal to provide reasonable accommodation(s), Plaintiff commenced a medical leave of absence on or about November 19, 2020 because Plaintiff's doctor deemed it medically necessary.

31.     During Plaintiff's medical leave, Plaintiff heard nothing from Defendant regarding Plaintiff's position and/or whether Plaintiff's position had been filled.

32.     On or about December 2, 2020, Plaintiff submitted a doctor's note to Defendant's management indicating that Plaintiff would be able to return to work without restrictions on December 31, 2020.

33.     Plaintiff did not receive a response from Defendant's management. However, Plaintiff did see that on or about the same day that Plaintiff submitted her return to work note, Plaintiff's position was posted.

34.     Because there was no response from Defendant's management and HR department after the submission of Plaintiff's December 2, 2020 doctor's note, Plaintiff again followed up with Hall and Sibel on or about December 28, 2020 to determine if Plaintiff was permitted to return to work on December 31, 2020 (as per Plaintiff's doctor's release).

35.     Later that same day, Plaintiff received a voicemail from Hall, falsely claiming Plaintiff had already been told that her position had been filled, that the decision was out of her (Hall's) hands, and that it was all being handled by HR.

36.     In addition to Hall's voicemail, Plaintiff also received an email from Sibel on or about December 29, 2020, stating "Hi Christie - you were notified when your [sic] requested a leave that your department would not be able to accommodate."

37.     Plaintiff responded to Sibel's email stating:

Karlyn,

While you indicated before I took leave that my request could not be accommodated, you also stated in your November 12, 2020 email that I was not being "termd." I was informed by Sue ina voicemail that my position has been filled, which neither you nor sue notified me of while I was on medical leave. Please let me know where I go from here. Am I officially terminated? Who do I need to speak with regarding benefits? When will my benefits/health insurance end? No one has sent me any information regarding my benefits and when they will end.

38.     Sibel replied by telling Plaintiff that she was not terminated and that Plaintiff could apply for any open position as an internal transfer.

39.     Following this response, Plaintiff asked Sibel how long Plaintiff's benefits would remain in place and how long Plaintiff had to look for another position.

40.     Then, Sibel sent Plaintiff a letter on or about December 31, 2020, stating that Plaintiff had 30 days to find an alternative position or Plaintiff would be terminated as an active employee, despite there being no alternative positions available during same 30 day window.

41.     As a result, Plaintiff was unable to find an alternative position within Defendant during the aforesaid 30 day window, and therefore, Plaintiff was terminated from Defendant's payroll system on or about January 31, 2021.

7

42.     On or about January 4, 2021, Plaintiff filed a Charge of Discrimination with the EEOC for aforementioned violations of the ADA.

43.     In or about early April of 2021, Plaintiff learned of an open part-time cat scan technician position within the same department that Plaintiff had previously worked (but was fired from in December of 2020, *supra*).

44.     Thus, Plaintiff reached out to her former Supervisor Hall via email, who did not respond to Plaintiff's email directly, but upon information and belief, forwarded it to Defendant's Talent Acquisition Manager, Katie Derby (*hereinafter* "Derby").

45.     Then, Derby sent Plaintiff a link to formally apply for the position, which Plaintiff did on or about April 5, 2021.

46.     On or about April 29, 2021, Plaintiff received an email from Defendant's "Talent Acquisition Team" which stated: "We have completed a review of your application. Unfortunately, your application will not be moving forward at this time. We have identified other individuals whose background and experience better match the needs of this position."

47.     Defendant's decision not to move forward with Plaintiff's application is completely and obviously discriminatory and retaliatory, as same was based on Plaintiff's known/perceived and/or record of disability, Plaintiff's previous request(s) for accommodation(s), and/or because of Plaintiff's prior EEOC Charge (which upon information and belief, Defendant was made aware of before Defendant's decision to reject Plaintiff's application).

48.     Therefore, Plaintiff believes and avers that Plaintiff was terminated and/or constructively terminated by Defendant because of: (1) Plaintiff's actual/perceived/record of disabilities; (2) Plaintiff's requested accommodation(s); (3) Plaintiff's objections to Defendant's illegal conduct under the ADA; (4) Defendant's failure to engage in the interactive process with

Plaintiff and/or accommodate Plaintiff's disabilities; and/or (5) in retaliation for requesting reasonable accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act, as amended ("ADA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

49.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including pushing, pulling, gripping, and repeating manual tasks using her hands for extended periods of time.

51.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable accommodations at times.

52.     Plaintiff kept Defendant's management informed of her serious medical conditions and reasonable accommodations, including a brief medical leave of absence.

53.     Defendant failed to accommodate Plaintiff's reasonable requests relating to her health conditions and request for a brief medical leave of absence, and Plaintiff was terminated from Defendant shortly after requesting/utilizing reasonable accommodations.

54.     Plaintiff believes and therefore avers that she was terminated from Defendant because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; (4) Defendant's failure to properly accommodate her; and/or (5) in retaliation for requesting reasonable accommodations.

55.     These actions aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Hire)**

56.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including pushing, pulling, gripping, and repeating manual tasks using her hands for extended periods of time.

58.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable accommodations at times.

59.     Defendant's failed to accommodate Plaintiff's reasonable requests relating to her health conditions and request for a brief medical leave of absence, and Plaintiff was abruptly terminated from Defendant shortly after requesting/utilizing reasonable accommodations.

60.     As a result, Plaintiff filed a Charge of Discrimination with the EEOC for violations of the ADA.

61.     Thereafter, Plaintiff learned of an open part-time cat scan technician position within the same department that Plaintiff had previously worked (but was fired from in December of 2020, *supra*) and applied for such position.

62.     Defendant's rejected Plaintiff's application based on Plaintiff's known/perceived and/or record of disability, Plaintiff's previous request(s) for accommodation(s), and/or because of Plaintiff's prior EEOC Charge.

63.     These actions aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.       Defendant is to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.       Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.       Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.       Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.       Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.       Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable

law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).

<div style="margin-left: 50%;">

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

</div>

Dated:  July 26, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christie Magin | : | CIVIL ACTION |
| v. | : | |
| Trinity Health Mid-Atlantic d/b/a St. Mary's Medical Center | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| | | |
|---|---|---|
| 7/26/2021 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __70 Lee Avenue, Deptford, NJ 08096__

Address of Defendant: __1201 Langhorne-Newtown Road, Langhorne, PA 19047__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/26/2021__   _____   __ARK2484 / 91538__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*
- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.    Diversity Jurisdiction Cases:*
- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __7/26/2021__   _____   __ARK2484 / 91538__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MAGIN, CHRISTIE

**(b)** County of Residence of First Listed Plaintiff   Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

TRINITY HEALTH MID-ATLANTIC D/B/A ST. MARY'S MEDICAL CENTER

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1 U.S. Government Plaintiff

**X** 3 Federal Question
*(U.S. Government Not a Party)*

2 U.S. Government Defendant

4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane    365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability    367 Health Care/ | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander    Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability    Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine    368 Asbestos Personal | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability    Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 350 Motor Vehicle    **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle    370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | Product Liability    371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury    380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice    385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights    **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting    463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | 442 Employment    510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations    530 General | | | |
| 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment    535 Death Penalty | | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other    **Other:** | **IMMIGRATION** | | |
| | 448 Education    540 Mandamus & Other | 462 Naturalization Application | | |
| | 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding    2 Removed from State Court    3 Remanded from Appellate Court    4 Reinstated or Reopened    5 Transferred from Another District *(specify)*    6 Multidistrict Litigation - Transfer    8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
7/26/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print    Save As...    Reset